UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

AUDIE M. GROGG )
)
v. ) No. 2:13-cv-129
) *Judge Jordan*
JUDGE JERRY BECK, OFFICER STEVE )
HAMMOND, D.A. BARRY STAUBUS, )
LT. RANDY LIGHT, and JUDGE TOOEY )

**MEMORANDUM and ORDER**

Acting *pro se*, plaintiff Audie M. Grogg filed this civil rights complaint under 42 U.S.C. § 1983 while he was confined in the Sullivan County Detention Center (SCDC). The defendants are the Honorable Jerry Beck, Sullivan County Criminal Court Judge; Steve Hammond, a Kingsport Police Officer; Barry Staubus, District Attorney, Randy Light, an officer at the SCDC; and Judge Tooey.

**II. Screening**

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim, or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task, the Court realizes the pleadings *of pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A complaint "which pleads facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of

entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted). Instead, the pleading must encompass "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so as "to state a claim for relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 556 and 570).

### III. Complaint

In his pleading, (Doc 1), plaintiff alleges that, on April 22, 2011, he was charged with DUI (driving under the influence of an intoxicant) while he was eating at a Subway restaurant at the Wal-Mart store in Kingsport, Tennessee. The charge was bogus, so plaintiff asserts, because he was eating a sandwich and not driving anything. Plaintiff further alleges that, in the following months, several of his rights were violated during the state criminal proceedings which ensued, including his Sixth Amendment right to a fast and speedy trial, due to not having an attorney appointed to represent him until September of 2012 and his Fourteenth Amendment right to due process, since it was impossible for him to know what was going on with every motion he filed asserting his Sixth Amendment right to have the charges dismissed, since he was unrepresented. It is plaintiff's theory that the state courts denied him access to an attorney to allow the malicious prosecution of his case to continue, which ultimately resulted in the loss of evidence, such as videos of the incident and access to witnesses who could prove his innocence to both charges. The second charge, as plaintiff

explains later in the pleading, relates to a $25,000 judgment against his Tennessee Driver License for an accident which did not occur.[1]

Plaintiff alleges that he challenged those proceedings in the Tennessee Supreme Court, by filing Case Number 2012-02594-CCA-R3-CD, contesting the illegal search and seizure, lack of probable cause, and other wrongdoing on the part of defendant officer Steve Hammond who beat him like a dog; kicked out his teeth; and stole his van, his wallet and its entire contents, including $200, his I.D., a flat screen TV, clothes, and groceries.[2] He also maintains that defendant Judge Toomey likewise engaged in the beating and thievery. These events occurred, according to plaintiff, in September and October of 2010.

The complaint also contains contentions against "Edward Guinn,[3] son-in-law Frank James and his wife and the Kingsport Police Department and Court System assistance."

Plaintiff seeks to have all charges against him dismissed; the $25,00 judgment vacated; his license reinstated, at Mr. Guinn's expense; reimbursement for his 1988 Ford van

---

[1] Under Tennessee law, a motorist must show proof that he has the means to satisfy a judgment, after the motorist "has been involved in an accident resulting in death, personal injury, or property damage in excess of four hundred dollars," and, absent such proof, the Commissioner of Safety has the authority to revoke the license and registration of resident motorists, should the Commissioner determine that there is a reasonable possibility that the motorist will be ordered to pay damages. *Cook v. Hughes*, 2009 WL 77457, *3 (E.D.Tenn. Jan. 8, 2009) (citing Tenn.Code Ann. § 55-12-104(a) and § 55-12-105(a)).

[2] Plaintiff actually filed his case in the Tennessee Court of Criminal Appeals, which dismissed it as "prematurely filed as no final judgments have been entered in the lower court case numbers at issue." *State v. Grogg*, No. #2012-02594-CCA-R3-CD, Order (Tenn. Crim. App. Dec. 18, 2012), available at http://www2.tncourts.gov/ PublicCaseHistory /Case Details. aspx?id = 43499 &Number=True (last visited Feb.7, 2014) (a copy of the order is contained in Court Clerk's case file).

[3] Although plaintiff has spelled the last name of this individual as "Guing" and "Guinn," the Court will use the latter spelling for consistency's sake.

3

with 38,000 miles on it, $200 cash, $900 flat screen TV, etc., and four times the sum of his bond. Plaintiff also asks that he be awarded damages for the 8 ½ months he has spent illegally confined in the SCDC.

These allegations may advance no further. This is so because of the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971). Under this doctrine, federal courts must abstain from entertaining lawsuits by an individual seeking to enjoin a criminal prosecution against him in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in the state forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974).

All of the factors supporting abstention are present here. Plaintiff was confined in the SCDC at the time the complaint was filed and was awaiting resolution of the "bogus" criminal charges which were lodged against him in state court. Were this Court to find in plaintiff's favor with respect to the pending criminal charges against him, this ruling undoubtedly would implicate the State's interest in bringing lawbreakers to justice. Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings by dismissing those charges and awarding him damages for the claimed unlawful detention and violations of his civil rights.

Furthermore, it is well-recognized law that the sole federal remedy for claims relating directly to the fact and duration of an individual's physical confinement lies in filing a petition for habeas corpus relief under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Because this kind of relief is not available in a civil action, *see Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (referring to "the hoary principle that civil tort actions

4

are not appropriate vehicles for challenging the validity of outstanding criminal judgments"), and because such claims must be brought in a habeas corpus application, all such claims fail to state a claim entitling plaintiff to relief in this civil suit.

In addition, plaintiff seeks redress in the form of damages, but it is also the law that, in an action for damages, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 486. In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Plaintiff indicates in a subsequent filing, (Doc. 20), that he entered nolo contendere pleas to and was convicted of the criminal charges, though he maintains that he once again was "tricked and deceived."

Thus, if plaintiff were to prevail on his allegations that those charges were fabricated and that his constitutional rights were violated in connection with those charges, this would necessarily imply that his conviction was invalid. Plaintiff does not maintain, and it does not appear, that his conviction has been ruled invalid. In short, because he has suffered no cognizable injury at this time, his § 1983 claim for damages cannot stand.

The contentions that defendants Officer Hammond and Judge Tooey beat plaintiff and stole from him in September and October of 2010 are untimely, given that the complaint was filed on May 6, 2013, well outside the one-year statute of limitations which applies to § 1983 civil rights claims in Tennessee. *See Porter v. Brown*, 289 Fed. Appx. 114, 116, 2008 WL 3838227, *2 (6th Cir. 2008) ("[O]ur precedent has long made clear that the limitations period

5

Case 2:13-cv-00129-RLJ   Document 21   Filed 02/10/14   Page 5 of 13   PageID #: 115

for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)."). Because the contentions are time-barred, they do not state a claim for relief. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (In the screening context, "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

Finally, plaintiff makes assertions against Mr. Guinn, Mr. and Mrs. James, and the Kingsport Police Department and Court System assistance, but these individuals and entities have not been named as defendants. Also, plaintiff does not specify the manner in which he was "victimized by [these] civilian and rackateered (sic)" individuals and governmental entities. "[A] *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court need not conjure up facts not pled to support allegations, shored up by nothing more than conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Because these particular contentions are devoid of any facts, they fail to state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

None of the claims pled in the complaint are actionable against the defendants and plaintiff has failed to state plausible claims against them.

### IV. Supplements and Motions

*A. First Supplement, (Doc. 5)*

In his first supplement, plaintiff again levels accusations of racketeering and extortion against Mr. Guinn and Mr. James and his wife, as well as challenging various aspects of the then-pending state criminal proceedings. For the same reasons the previous allegations against these individuals and entities did not state a claim, the contentions in the supplement similarly are lacking and do not state a claim either.

B. *First Motion to Amend, (Doc. 7)*

In his motion, plaintiff requests the addition of Officer Crawford and Lieutenant Dillard as defendants and seven other inmates as plaintiffs. However, the statement of proposed claims was submitted by Marvin Lee Keeling, who is not a party to this lawsuit and who may not file pleadings on behalf of plaintiff. *Whitmore v. Arkansas*, 495 U.S. 149 (1990). Even if he could do so, Mr. Keeling's allegations do not relate to the ones offered in the complaint, but instead concern various conditions at the SCDC which he claims affect him and "hundreds" of other inmates, including the seven who have signed his statement of claims. However, Mr. Keeling has shown no personal harm to himself or, for that matter, to plaintiff; thus, he lacks standing to raise these claims. *Id.* at 155 (To show that he has standing, a plaintiff must demonstrate three things: (1) an injury in fact or a harm that is "actual or imminent, not conjectural or hypothetical," (2) causation, and (3) redressability.).

As to seven inmates who signed the supplement, the Court will not deem them to be plaintiffs, as they did not sign the complaint, but instead the statement of facts proffered by Mr. Keeling.

Because no actionable allegations have been stated in the proposed amendment, it would be futile to permit plaintiff to amend his complaint to add these two officers as

defendants or to add the proposed claims. Because a motion to amend may be denied where the proposed changes are futile, *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1284 (6th Cir. 1997), plaintiff's motion to amend is **DENIED**, (Doc. 7).

*B. Second Motion to Amend, (Doc. 10)*

Plaintiff's next motion to amend contains the names of eight individuals and groups which he would add as defendants: to wit, the entire medical department, not limited to supervisors; Mrs. Tester; the institutional doctor; Nurse Rita, in particular; all staff of the medical department; the Sheriff of Sullivan County; the SCDC; and all employees of the SCDC. Those potential defendants are being sued, according to plaintiff, for their blatant neglect, willful wrongdoing, and failure to protect inmates from violence and for the SCDC "being far-far under federal standards and guidelines."

In support of these contentions, plaintiff asserts that Mrs. Tester refuses to acknowledge plaintiff's need for pain pills, despite his being hit by a car, shot in his right knee while in the military, having head injuries, resulting in optic nerve damage, which led to blindness in his right eye and which, in turn, is moving towards his left eye. Not only this, but plaintiff is being charged for services not rendered, specifically, for Ibuprofen. Plaintiff also maintains that two guards patrol eleven dorms and that this understaffing leads to blood being spilled every night without any knowledge of these occurrences on the part of the guards, who do not care and could not protect the inmates anyway.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). An Eighth Amendment claim is composed of two parts: an objective

component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Where a condition involves medical care, the Eighth Amendment is violated when prison authorities are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). A prison official, however, cannot be found deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and internal quotation marks omitted). In this same vein, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

The Court sees no constitutional violation here. First of all, plaintiff does not actually complain that he is currently suffering pain stemming from his alleged injuries. Furthermore, while plaintiff may prefer to receive different medications for his pain than Ibuprofen, the Eighth Amendment does not entitle an inmate "to demand specific care. [An inmate] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Fisc. v. Shappell*, 468 F.2d 1072, 1076 (6th Cir. 1972) (The Eighth Amendment does not require every request for medical care made by prisoner to be honored or the courts "to engage in a process of second-guessing in every case the adequacy of medical care that the state provides."). And without some allegation to show that plaintiff suffers from pain sufficient to show a serious medical condition, there is nothing from which to infer that a

defendant possessed the requisite deliberate indifference, i.e., that a defendant knew of but disregarded an excessive risk to plaintiff's health from the lack of an anodyne.

As to the understaffing and the inmate-on-inmate violence which purportedly ensues from the failure to provide an adequate number of guards, plaintiff has not alleged that his blood has been spilled nor has he presented any facts to show that there is a prevailing environment of violence at the SCDC which poses an excessive risk to his safety, of which the guards know, but have chosen to disregard. Indeed, plaintiff asserts that the guards know nothing of the violence which occurs. Absent such contentions of fact, plaintiff has not demonstrated deliberate indifference.

As happened with respect to plaintiff's first motion to amend, the allegations in his second such motion do not state viable §1983 claims either. Because of the futility of adding allegations which do not state claims for relief, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), plaintiff's second motion to amend is **DENIED**, (Doc. 10).

C. *Motion to Appoint Counsel, (Doc. 14)*

In this motion, plaintiff requests that the Court appoint him legal counsel to represent him in this action. A court may appoint counsel for an indigent plaintiff. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In exercising discretion as to whether to appoint counsel, several factors should be considered, including the nature of the case, whether the issues are legally or factually complex, and a plaintiff's ability to present his claims to the court. *Id.* at 605-06. None of the contentions made thus far state a constitutional claim; the circumstances in this case are not so extraordinary as to warrant the

appointment of counsel; and, accordingly, plaintiff's request for appointment of counsel is **DENIED**, (Doc. 14).

*D. Motion for Copies, (Doc. 15)*

In the next motion, plaintiff asks for copies of all documents he has filed in Court, as those documents disappeared or were confiscated during his unfortunate stay in the Moccasin Bend Mental Health Facility on August 1-9, 2013. Plaintiff also requests that he be notified if there is a fee. As noted, plaintiff entered into a plea agreement to settle his charges and, presumably, is no longer confined. Nor is plaintiff proceeding *in forma pauperis* in this action, since he paid the full filing fee. The Court, therefore, assumes that plaintiff can afford to pay for any copies of documents he wishes to obtain. At any rate, and to the extent that his motion can be read as a request to supply him photocopies of those documents free of charge, the motion for copies is **DENIED**, (Doc. 15). Plaintiff is advised that copies may be obtained from the Clerk's Office for a fee of $.50 per page.

*E. Third Motion to Amend, (Doc. 17), & Second Supplement to the Complaint, (Doc. 19)*

In this, his third motion to amend, plaintiff would add as defendants Edward Guinn; Frank James, a/k/a "J.B.", who is the son-in-law of Edward Guinn; Frank James's wife; Frank James's Uncle Ed; and all the individuals named in Document 19, which was filed as a supplement to the complaint. The supplement contains these same individuals and one more—the Sullivan County Sheriff. With the exception of the Sheriff, these individuals whom plaintiff seeks to add as defendants are, insofar as the pleadings disclose, private persons.

11

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was denied a right privilege or immunity secured by the constitution or laws of the United States; and 2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998). Plaintiff has failed to establish the second element because, generally, private persons do not act under color of law. The conduct of a private defendant is actionable under § 1983 only if the conduct can be fairly attributable to the state, *see Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir.1998); *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir.1996), and the conduct of a private party may be fairly attributable to the state only if the conduct is so closely connected to the state that it may be fairly treated as that of the state.

Plaintiff seemingly alleges that these proposed defendants are ringleaders in racketeering and extortion, in that they, as the Court understands it, filed a $25,000 civil suit against him for an accident that never happened; perhaps, stole a truck from plaintiff the same day that they received a $900 payment from plaintiff in connection with the "bogus" accident; and assaulted each other or plaintiff in their driveway. No explanation is provided and the Court does not discern one as to how any of these misdeeds can be treated as the misdeeds of the state. Thus, plaintiff has failed to state a claim against these individuals.

Plaintiff alleges, in the Second Supplement, that his incoming and outgoing mail at the SCDC is severely limited, which injures his relationships with friends and his business contacts. However, he does not offer any contentions of fact to tie the Sheriff to the alleged mail restrictions. Without such contentions, any claims against the Sheriff are conclusory. Conclusory claims fail to state viable § 1983 claims.

Accordingly, because it would be futile to amend the complaint to add these persons as defendants, plaintiff's third motion to amend is **DENIED**, (Doc. 17).

*F. Fourth Motion to Amend (Doc. 18)*

Plaintiff bases his fourth motion to amend on documentation which leads him to belief that Frank James, whose alias is "J.B.", possibly may have another alias, to wit, Thomas Frann. Hence, plaintiff would like to add Thomas Frann as Frank James's second alias. Since plaintiff has not stated a claim against Frank James in the first place, it would be futile to add another alias for a person against whom no claim has been stated. Therefore, plaintiff's last motion to amend, likewise, is **DENIED**, (Doc. 18), on the basis of futility of amendment.

### V. Conclusion

In light of the above law and analysis, this case will be **DISMISSED** *sua sponte* for failure to state a claim for relief.

A separate order will enter.

**ENTER**:

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE